UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIRK BIELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-CV-104 |
| ) | |
| SCHWAN'S HOME SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 17.)  As the proposed order contains a major defect, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999*)* (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the definition of "Confidential Information" is impermissibly broad, as it includes, among other things, "[n]on-public financial information and other information of defendant that contains trade secrets, future business plans, market analysis,

1

confidential research, development, commercial, or other proprietary information . . . ." (Proposed Stipulated Protective Order at 2.)

More specifically, the term "[n]on-public is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . ." *Cook*, 206 F.R.D. at 248-49. Similarly, the term "contains" is a "fudge," *see Cincinnati Insurance*, 178 F.3d at 945, because it seeks to protect entire documents rather than solely the confidential information itself. Moreover, the category itself is too broad, particularly the phrase "commercial or other proprietary information," as it is difficult to imagine a document that would fall outside of its boundaries.

Furthermore, Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See id*. at 946. Here, the order provides an inadequate basis for finding good cause as it fails to specify why certain purported protected materials are confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Indeed, if the Court were to approve this order, the parties would essentially be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Cincinnati Insurance*, 178 F.3d at 944. The Seventh Circuit has repeatedly held that such overly broad protective

orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2; *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.  For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 17).

SO ORDERED.

Enter for this 13th day of November, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3